Citation Nr: 1508827 
Decision Date: 02/27/15 Archive Date: 03/11/15

DOCKET NO. 10-09 391 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Jackson, Mississippi


THE ISSUE

Entitlement to service connection for squamous cell carcinoma, right oral tongue (claimed as jaw cancer), as a result of in-service exposure to lead, asbestos or ionizing radiation. 


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

B. R. Mullins, Counsel





INTRODUCTION

The Veteran had active service from August 1963 to May 1967. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Jackson, Mississippi. In March 2011, the Veteran testified at a hearing before the undersigned Acting Veterans Law Judge at the RO in Jackson, Mississippi and a copy of the hearing transcript has been added to the record. 

This claim previously was remanded by the Board in February 2014 to the Agency of Original Jurisdiction (AOJ) (in this case, the RO in Jackson, Mississippi).

This appeal was processed using the Virtual VA (VVA) and Virtual Benefits Management System (VBMS) paperless claims processing systems. Accordingly, any future consideration of this appellant's case should take into consideration the existence of these electronic records.

Unfortunately, as is explained below in greater detail, the appeal is REMANDED again to the AOJ. VA will notify the Veteran if further action is required on his part.


REMAND

The Veteran contends that he is entitled to service connection for squamous cell carcinoma of the tongue. Specifically, he has asserted that this condition arose as a result of exposure to asbestos, radiation, and lead during military service. Although the Board regrets the additional delay which may be caused by this remand, an additional remand is necessary in this case to ensure that due process is followed and there is a complete record upon which to decide the appellant's claim so that he is afforded every possible consideration. 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159. 

The Veteran's claim previously was remanded by the Board in February 2014, in pertinent part, so that deck logs for U.S.S. YARNELL (DLG-17) dated from February 1, 1965, through September 5, 1966, could be obtained. The Veteran had testified before the Board in March 2011 that there was an incident aboard this U.S. Navy ship where he was part of a firefighting unit to control a "hot" nuclear anti-submarine rocket (ASROC). He also had testified that it was unclear whether this was part of a drill. He had testified further that, regardless of whether it had been a drill, he had been exposed to radiation while controlling the ASROC fire. 

The Veteran's personnel records clearly show that he served aboard U.S.S. YARNELL (DLG-17) from February 1, 1965, through September 5, 1966. 

The record reflects that, in response to a request from VA for deck logs from U.S.S. YARNELL for the time period at issue in this appeal, the National Archives and Records Administration (NARA) notified VA in April 2014 that the requested records were not available as U.S.S. YARNELL had been decommissioned in 1958 and transferred to the Republic of China (Taiwan) Navy in 1968. The Board notes in this regard, however, that this refers to U.S.S. YARNELL with the designation DD 514. The Veteran served aboard U.S.S. YARNELL with the designation DLG-17. These are two different U.S. Navy ships (with the same name). The Board also notes in this regard that U.S.S. YARNELL with the designation DLG-17 (the ship where the Veteran actually served) was not even commissioned in to the U.S. Navy until 1963. Unfortunately, VA's request for deck logs sent to the NARA did not contain the appropriate designation for U.S.S. YARNELL (DLG-17). As such, the NARA provided information in April 2014 about the wrong U.S. Navy ship. 

Having reviewed the record evidence, and although the Board regrets the additional delay which may be caused by this remand, an attempt must be made to obtain deck logs for U.S.S. YARNELL (DLG-17) dated from February 1, 1965, through September 5, 1966. 

In Stegall v. West, 11 Vet. App. 268 (1998), the Court held that a remand by the Board confers on the appellant, as a matter of law, the right to compliance with the remand orders. It was error for the AOJ to re-certify this appeal to the Board in January 2015 without complying with the February 2014 remand instructions. Given this error, another remand is required. 

Accordingly, the case is REMANDED for the following action:

1. Contact the appropriate Federal records repository, to include the relevant service department (in this case, the U.S. Navy) and attempt to obtain deck logs from U.S.S. YARNELL (DLG-17) for the period from February 1, 1965, through September 5, 1966, to try and verify an incident or drill involving fire control of a "hot" ASROC. It is imperative that the AOJ request records for U.S.S. YARNELL (DLG-17) and not any other U.S. Navy ship bearing this name but lacking this designation. All efforts to obtain these records should be documented in the claims file. A copy of any request(s) for these records, and any reply, to include any records obtained, should be included in the claims file. 

2. Review the claims file and ensure that the requested development has been accomplished, to the extent possible. If not, take appropriate corrective action. See Stegall v. West, 11 Vet. App. 268 (1998).

3. Review all evidence received since the last prior adjudication and readjudicate the Veteran's claim. If the determination remains unfavorable to the Veteran, then the RO should issue a supplemental statement of the case that contains notice of all relevant actions taken, including a summary of the evidence and applicable law and regulations considered pertinent to the issue. An appropriate period of time should be allowed for response by the Veteran. Thereafter, the case should be returned to the Board for further appellate consideration, if in order. 

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL T. OSBORNE
Acting Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2014).